1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>      v.<br><br>JOSHUA JAVIER SANCHEZ,<br><br>                Defendant. | Case No. 21CR2295-H<br><br>ORDER DENYING DEFENDANT'S MOTION TO REVOKE THE MAGISTRATE JUDGE'S DETENTION ORDER AND REQUEST TO SET BAIL<br><br>(Doc. Nos. 33 and 35.) |

Pending before the Court is Defendant Joshua Javier Sanchez's ("Defendant") motion to revoke the Magistrate Judge's detention order and request to set bail.[1] (Doc. Nos. 33 and 35.) Magistrate Judge Ruth Bermudez Montenegro initially set bail and ordered certain conditions of pretrial release in this case. (Doc. No. 6.) The Defendant posted bond and was released from custody on pretrial release. (Doc. Nos. 14 and 15.) Thereafter, the U.S. Pretrial Services Officer filed a petition for an order to show cause why bond should not be revoked and Magistrate Judge Montenegro ordered the Defendant to appear for a bond revocation hearing on October 18, 2021. (Doc. No. 27.)

---

[1] The original motion was missing defense counsel's signature. (Doc. No. 33.) Defense counsel has since corrected this omission and refiled his motion with his signature in compliance the Southern District of California rules. (Doc. No. 35.)

-1-

At the bond revocation hearing, the Defendant admitted to the allegations that he violated the terms and conditions of his pretrial release. (Doc. No. 29.). The allegations include using methamphetamine, failure to submit a urine sample for drug testing, and failure to report to his intake appointment for outpatient substance abuse therapy and drug testing. (Doc. No. 27.) Magistrate Judge Montenegro ordered that the Defendant's bond be revoked and remanded the Defendant into custody. (Doc. Nos. 28 and 29.) The Defendant now moves this Court to revoke Magistrate Judge Montenegro's detention order and set bail. The Government has filed a response in opposition to the Defendant's motion. (Doc. No. 36.) The Court has also received and reviewed the Pretrial Services Officer's Bail Report. This Court has jurisdiction to hear this matter under 18 U.S.C. § 3145(b) and is required to determine the Defendant's motion promptly. A district judge reviews *de novo* a magistrate judge's decision to detain a defendant without deference to the magistrate judge's ultimate conclusion. United States v. Koenig, 912 F.2d 1190 (9th Cir. 1990). However, "the district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist." Id at 1193.

The Bail Reform Act ("BRA,") 18 U.S.C. § 3142, requires the Court to consider certain factors in determining whether to detain or release a defendant: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, record concerning appearance at court proceedings, and whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the

community that would be posed by the defendant's release.

When considering the nature of the offenses charged, the Court also considers the penalties associated with the charges. United States v. Townsend, 897 F.2d 989, 995 (9th Cir. 1990). Additionally, "the weight of the evidence is the least important of the various factors." United States v. Motamedi, 767 F.2d 1403, 1408 (9th Cir. 1985) (internal citations omitted). Furthermore, the Court is prohibited from imposing a financial condition that would result in the de facto detention of a defendant. 18 U.S.C. § 3142(c)(2); See also United States v. Diaz-Hernandez, 943 F.3d 1196, 1199 (9th Cir. 2019) (Affirming the district judge's detention order based on the district court's finding that the defendant would not be able to post bond in the amount that the district judge theorized would reasonably assure the defendant's appearance.).

On September 28, 2021, the Defendant, with his consent, tendered a guilty plea before Magistrate Judge Jill L. Burkhardt to importation of methamphetamine in violation of 21 U.S.C. §§ 952 and 960 as charged in Count 1 of the Information and to importation of fentanyl in violation of 21 U.S.C. §§ 952 and 960 as charged in Count 2 of the Information. (Doc. Nos. 22 and 25.) The Defendant executed a written plea agreement and Magistrate Judge Burkhardt issued her findings and recommendations to this Court, recommending that the Court accept the Defendant's guilty plea. (Doc. Nos. 23 and 26.) On October 19, 2021, the Court adopted Magistrate Judge Burkhardt's findings and accepted the Defendant's guilty plea. (Doc. No. 30.) The Defendant is awaiting sentencing and faces a possible maximum imprisonment term of 20 years on each count. (See Plea Agreement, Doc. No. 23 at 4.)

In light of the penalties the Defendant is facing, there is a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" under 18 U.S.C. § 3142(e)(3)(A). Furthermore, "[t]he presumption is not erased when a defendant proffers evidence to rebut it; rather the presumption 'remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to

factors listed in § 3142(g).'" <u>United States v. Hir</u>, 517 F.3d 1081, 1086 (9th Cir. 2008) (citing <u>United States v. Dominguez</u>, 783 F.2d 702, 707 (7th Cir. 1986)).

Since this Court has accepted the Defendant's guilty plea, the "provisions of 18 U.S.C. § 3143 govern release pending sentencing… [and] [t]he burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant." Fed. R. Crim. P. 46(c). Accordingly, under the relevant provisions of 18 U.S.C. § 3143(a)(2), and Fed. R. Crim. P. 46(c), the Defendant is to be detained unless the Government recommends no sentence of imprisonment and the Defendant proves by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or the community.[2] <u>See</u> <u>United States v. Drake</u>, No. 1:19-CR-00402-DCN-1, 2021 WL 1600485, at *3 (D. Idaho Apr. 23, 2021) (Nye, C.J.) ("To overcome the statutory presumption in favor of detention, [defendant] must establish with clear and convincing evidence that he will not flee and does not pose a danger to the community. 18 U.S.C. § 3143(a)(2).").

The following factors weigh in favor of setting bail: (1) the Defendant is a citizen of the United States; (2) the Defendant has ties to the community and has family in the United States; (3) the Defendant has a medical condition; and (4) the Defendant has a history of stable employment. The following factors weigh in favor of detention: (1) the Defendant has a history of using illicit drugs; (2) the Defendant has a criminal history; (3) the Defendant has a history of non-compliance while on pretrial supervision; (4) the

---

[2] Prior to a defendant's guilty plea or guilty verdict, the burden would rest with the Government to show by a preponderance of the evidence that a defendant poses a flight risk. <u>United States v. Gebro</u>, 948 F.2d 1118, 1121 (9th Cir. 1991). While the government must prove by clear and convincing evidence that a defendant is a danger to any other person or the community. <u>Id</u>; 18 U.S.C. § 3142(f)(2)(B). However, the Defendant in this case has pleaded guilty and the burden now shifts to the Defendant to show by clear and convincing evidence that he is not a flight risk or a danger to the community under § 3143. The Defendant's reliance on this Court's analysis in <u>United States v. Greenoge</u>, No. 21CR1115-H, 2021 WL 3856519 (S.D. Cal. Aug. 30, 2021) (Huff, J.) in support of his assertion that the Government bears the burden of persuasion is misplaced. In <u>Greenoge</u>, the defendant sought revocation of the magistrate judge's detention order **before** he pleaded guilty and thus the burden rested with the Government to prove that the defendant was a flight risk and a danger to the community. Additionally, unlike the charges in this case, the charge in <u>Greenoge</u> (felon in possession of a firearm) did not impose a rebuttable presumption in favor of detention.

-4-

Defendant is facing a substantial imprisonment term due to the nature of the offenses; (5) there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant for future court proceedings and the safety of the community; and (6) the evidence that the Defendant committed the instant offenses is strong but the Court gives this factor the least weight.

The Defendant's recent violation of his pretrial release conditions is indicative that no condition or combination of conditions will reasonably assure that the Defendant would appear for future court proceedings and comply with the terms and conditions of pretrial release. United States v. Santos-Flores, 794 F.3d 1088, 1092 (9th Cir. 2015) ("Consideration of a defendant's… other past conduct is proper under [the BRA,] 18 U.S.C. § 3142(g)(3)(A)."); See also United States v. Wero, No. CR09-8056-PCT-DGC, 2009 WL 1797853, at *3 (D. Ariz. June 24, 2009) (Campbell, J.) ("[T]he Court is concerned that a defendant who so routinely disregards court orders… will fail to appear in a matter where he might face a significant prison sentence."). The Court notes that the Defendant's ties to the community and family support were not enough to dissuade the Defendant from violating the terms and conditions of his pretrial release. At this juncture, the Court has no reason to believe that the Defendant's community ties and family support would alleviate the Defendant's risk of flight or danger to the community.

Although the Court is sympathetic to the Defendant's medical condition and considers his compromised immune system during the current COVID-19 pandemic as a factor in favor of his release, his medical condition when weighed with the other BRA factors do not overcome by clear and convincing evidence the presumption that he is a flight risk or a danger to the community. See United States v. Carrillo Lopez, No. MJ20-0020-JCC, 2020 WL 3414674, at *5 (W.D. Wash. June 22, 2020) (Coughenour, J.) ("The Court acknowledges [defendant's] heightened risk for COVID-19 complications. But [defendant's] personal risk does not change the fact that his alleged offenses weigh strongly against his pretrial release."); The Court notes that the Defendant was certainly

aware of his medical condition when he violated the terms and conditions of pretrial release and that his medical condition did not dissuade him from violating the Magistrate Judge's bail order.

Although the Defendant does not specifically invoke 18 U.S.C. § 3145(c)[3], the Court does not consider the Defendant's medical condition along with the other BRA factors in favor of release as "exceptional reasons" to grant release under § 3145(c). See United States v. Garcia, 340 F.3d 1013 (9th Cir. 2003) (Providing guidance on what constitutes as "exceptional reasons" to grant release under § 3145(c).); See also United States v. Lee, No. 2:17-CR-0030-KJM, 2020 WL 2084812 (E.D. Cal. Apr. 30, 2020) (Mueller, C.J.) (Declining to find "exceptional reasons" to release a 67-year-old defendant with prostate cancer during the COVID-19 pandemic under § 3145(c) and denying the defendant's motion to revoke the magistrate judge's detention order under § 3143(a)(2).). Even if the Defendant's circumstances constituted an "exceptional reason" to grant release, the Defendant still has not overcome the presumption that he is a flight risk or a danger to the community. See United States v. Boone, No. 2:16-CR-00020-TLN, 2020 WL 1865202, at *4 (E.D. Cal. Apr. 14, 2020) (Nunley, J.) ("Defendant does not meet the conditions of release required by § 3143(a)(1) or (b)(1) because she fails to establish that she is not a flight risk. As such, Defendant's argument under 18 U.S.C. § 3145(c) is also unavailing.").

The Defendant asserts that he would enroll in a drug treatment program if the Court granted his release. Although the Court appreciates the Defendant's desire to enter a drug rehabilitation program, "generally the purpose of a bail bond is to insure that the accused will reappear at a given time." United States v. Vaccaro, 51 F.3d 189,

---

[3] 18 U.S.C. § 3145(c) provides in relevant part that:

A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

192 (9th Cir.1995) (quoting <u>United States v. Toro</u>, 981 F.2d 1045, 1049 (9th Cir.1992)) (internal quotation marks and alteration omitted.) The Defendant's desire to enter a drug rehabilitation program when weighed with the other BRA factors do not prove by clear and convincing evidence that he is not a flight risk or a danger to the community, especially given his record on pretrial release.

The factors in favor of detention outweigh the factors in favor of setting bail under the BRA, and therefore the Court concludes that the Defendant has not shown by clear and convincing evidence that he is not likely to flee or pose a danger to the community. Even if the Defendant was able to meet his burden, the Government has not asserted that it will recommend that no sentence of imprisonment be imposed. Thus, detention is appropriate in this case. <u>See</u> 18 U.S.C. § 3143(a)(2)(A)(ii); <u>See also</u> <u>United States v. Richard Has The Pipe</u>, No. CR-08-344-E-BLW, 2010 WL 2265764, at *2 (D. Idaho June 4, 2010) (Lodge, J.) (Upholding a magistrate judge's detention order because the "[d]efendant fails to meet the exceptions stated in § 3143(a)(2)(A).").

After *de novo* review of the current record before the Court and upon considering the factors set forth under the BRA, the Court cannot find by clear and convincing evidence that the Defendant is not likely to flee or pose a danger to the community. Accordingly, the Court DENIES the Defendant's motion to revoke the detention order and request to set bail and AFFIRMS Magistrate Judge Montenegro's decision to revoke bond and detain the Defendant pending his sentencing hearing.

IT IS SO ORDERED.

DATED: <u>November 30, 2021</u>

HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE

cc:   Honorable Ruth Bermudez Montenegro
      United States Magistrate Judge